UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

JOHNNIE BYRD,

Plaintiff

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE

Defendant.

_________________________________/

**COMPLAINT FOR DAMAGES**

The Plaintiff, JOHNNIE BYRD, hereby sues the Defendant and files this Complaint for Damages and says:

**THE PARTIES AND JURISDICTION**

1. This is an action for damages that exceed $75,000 exclusive of interest, costs, and attorney's fees.

2. **THE PLAINTIFF.** The Plaintiff, JOHNNIE BYRD, is sui juris and is a resident of Warner Robins, Georgia.

3. **THE DEFENDANT.** The Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE (hereinafter referred to as CARNIVAL or Defendant or the cruise line), is incorporated outside of the state of Florida, but does business in the State of Florida, and at all times material hereto was and is doing business in Miami Dade County, Florida. At all times material hereto the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

4. **FEDERAL SUBJECT MATTER JURISDICTION.** Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. Further, this action is being filed in Federal Court in Miami Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION.** The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

(a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and or

(b) Had an office or agency in this state and/or county; and/or

(c) Engaged in substantial activity within this state; and/or

(d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF THE INCIDENT**. The incident occurred on May 31, 2016.

8. **LOCATION OF THE INCIDENT.** The incident occurred onboard the vessel CARNIVAL *Valor*, a ship in navigable water while the Plaintiff was a passenger onboard. Accordingly, the Plaintiff's claims are governed by the general maritime law. Specifically, the Plaintiff's incident occurred on the Lido deck just inside the sliding glass doors to the Lido buffet/cafeteria, which serve as the entryway to the Lido buffet restaurant from Guy Fieri's Burger Joint on the starboard side of Carnival *Valor*.

9. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF THE INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.

## COUNT I: NEGLIGENCE

10. The Plaintiff, JOHNNIE BYRD, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 9, above.

11. This is an action for negligence. CARNIVAL has a reasonable duty of care under the circumstances to provide and otherwise maintain its floors and passageways in a safe condition, especially the floors and passageways on the Lido deck and in its restaurants. The circumstances are that Carnival owns and/or manages more than twenty (20) cruise ships, including the Carnival *Valor*. Carnival has a Lido deck on each of its cruise ships—the deck on which the pool and other amenities, like restaurants are located. CARNIVAL knows that this deck and the Lido buffet/cafeteria are extremely high traffic areas. For that reason, CARNIVAL knows that it is extremely important to mop, clean, dry, and otherwise maintain the floors in a safe condition due to the significant amount of passenger traffic. CARNIVAL also knows it must inspect the decks of the ship on a regular basis to prevent slippery and dangerous conditions, especially on its floors in and around restaurants and food stations on the Lido deck. Therefore, CARNIVAL's duty of

care includes inspecting and cleaning up water and/or spills on the floors in and around food stations and entryways to the restaurants on the Lido deck on a regular basis.

12. CARNIVAL knew or should have known of the dangerous, slippery, condition existing on the Lido deck on May 31, 2016 for several reasons. First, CARNIVAL operates many restaurant facilities onboard the Carnival *Valor* and its other ships and CARNIVAL knows that passengers frequently traverse between the pool and the restaurant spaces causing water to accumulate and/or food and beverage to spill. CARNIVAL knows that spills or the accumulation of water is a frequent occurrence and results in the build-up of slick conditions on its floors, especially in the high traffic environment of the Lido deck where passengers gather around the vessel's pools and its food and beverage stations. Thus, CARNIVAL knows that if these areas are not regularly inspected, cleaned, and dried, it can result in the accumulation of dangerous, slick conditions on the floor. Second, CARNIVAL knows that the floor inside Guy's Burger Joint/Lido Buffet, especially the area of ingress and egress to these restaurants through the sliding glass door, is a high traffic area where water gathers or slick conditions occur frequently. Third, CARNIVAL knows from prior similar incidents on the flooring featured on the Lido deck and in the area of the sliding glass doors between Guy's Burger Joint and the Lido buffet that this type of flooring becomes unreasonably slick when wet and causes people to fall. CARNIVAL knows this because of the regular food and beverage spills and water left behind by passengers which result in repetitive, slick conditions on the floors. Fourth, Carnival cleans and mops the area. From that mopping, Carnival knows that spills and water accumulation occur on a regular basis creating a hazard for anyone traversing on the Lido deck between the Burger Joint and the Lido buffet/cafeteria. Because CARNIVAL cleans and mops with greasy, dirty water, the cruise line also knows that any foreign substance on the floor can easily spread if the area is not adequately dried and cordoned off with warning signs visibly posted after cleaning. Fifth, Carnival placed a

warning sign but not in the area where the Plaintiff fell. The cruise line placed its warning sign in a location where it could not be seen by the Plaintiff or by any other reasonable passenger before encountering the slick condition on the floor. Thus, Carnival knew there was a dangerous condition on the floor, but failed to properly warn passengers, including the Plaintiff, of the danger.

13. CARNIVAL either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

14. CARNIVAL had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the nature of the dangerous condition, including that the condition existed inside the Gatherings restaurant and was apparent to any Carnival employee passing by; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care CARNIVAL should have known about it.

15. In the alternative, notice to CARNIVAL is not required because CARNIVAL (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations. Therefore, no notice to CARNIVAL is required.

16. CARNIVAL breached the reasonable care under the circumstances standard by failing to properly clean and dry a wet and slippery walking surface on the Lido deck near the entryway to the Guy Fieri burger joint/Lido buffet; by allowing the floor to remain in a wet, dangerous, and/or unsafe condition for an unreasonable, extended period of time; by failing to inspect for wet and slippery conditions on the floor just inside the sliding glass doors which lead from Guy's Burger Joint into the Lido buffet restaurant, a high traffic area where passengers and staff often spill or drop food and beverages and/or where water drips and accumulates on the

surface of the deck; by failing to adequately warn passengers of the slippery and dangerous condition of the subject area, and/or block or cordon it off; by cleaning and mopping with dirty, greasy water which spread the substance on the floor and made it slippery; by allowing an ongoing, repetitive, continuous, and/or recurring problem to occur or to remain on or around the subject area which would cause incidents or injuries; by failing to comply with CARNIVAL's own standards on cleaning, warning, and making safe its floors; and by failing to otherwise make safe the floor just inside the sliding glass doors of the Lido buffet on May 31, 2016.

17. These breaches of CARNIVAL's reasonable duty of care under the circumstances proximately caused this incident and the injuries suffered by the Plaintiff. On May 31, 2016 in the afternoon, the Plaintiff walked through the Guy Fieri Burger Joint and through the sliding glass doors into the Lido buffet/cafeteria on the CARNIVAL *Valor*'s Lido deck. Because CARNIVAL allowed a wet and slick condition to remain on the floor just inside the entryway to the Lido buffet for an unreasonable time, the Plaintiff slipped and fell. The Plaintiff slipped and fell without advance knowledge of the hidden, wet, and slippery condition on the floor. The wet area created and/or allowed to remain on the floor by CARNIVAL just past the sliding doorway leading into the Lido buffet caused the Plaintiff to slip, fall, and suffer serious injuries. Those injuries include but are not necessarily limited to a left proximal femur periprosthetic fracture. These injuries required and continue to require significant treatment including but not necessarily limited to surgery with open reduction and internal fixation using a 4.5 mm femur plate with cables and multiple screws.

18. The Defendant's negligence proximately caused the aforementioned injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in

the past and lost income and income earning capacity in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past, and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

By: *s/ John H. Hickey*

**JOHN H. HICKEY, ESQ.** (FBN 305081)
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
**CHRISTOPHER B. SMITH, ESQ.**
csmith@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorneys for the Plaintiff*